# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:09CV96-GCM-DSC

| | |
|---|---|
| JANICE SCHAFER AS GUARDIAN AD LITEM FOR WMS,<br>　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security Administration,<br>　　Defendant. | **ORDER** |

**THIS MATTER** is before the Court upon the memorandum and recommendation of United States Magistrate Judge David S. Cayer, filed October 5, 2009; Plaintiff's Objections, filed October 6, 2009; and Defendant's Response to Plaintiff's Objections, filed October 9, 2009. Upon a review of these written submissions, the administrative record, and applicable authority; the Court accepts the recommendation of the United States Magistrate Judge that Defendant's Motion for summary judgment be granted; and that the Commissioner's decision be affirmed. The facts of this case are not in dispute, and are as set forth in the memorandum and recommendation

## I. Standard of Review

Objections by the parties to the findings of fact or recommendation of the United States Magistrate Judge are subject to final *de novo* determination on such objections by a district judge satisfying the requirements of Article III. *Wimmer v. Cook*, 774 F.2d 68, 73 (4TH Cir. 1985) (citing *United States v. Raddatz*, 447 U.S. 667 (1980)). However, the Social Security Act, 42

U.S.C. § 405(g) and §1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also, Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992)(*per curiam*).

## II. Discussion of Objections

The Plaintiff objects to the finding of the United States Magistrate Judge that the Virginia courts would not be required to give full faith and credit to the Texas court order establishing the paternity of WMS because that order was not in accord with Texas law. The United States Magistrate Judge based this decision on two factors: 1) that the Texas court did not have personal jurisdiction over Lt. Col. Schafer at the time of its decision as required by Texas Family Code §160.604, and 2) that the Texas court had rendered its decision contrary to an applicable statute, Texas Family Code §160.707.

The United States Magistrate Judge was correct in finding that the Texas court did not have personal jurisdiction in the *ex parte* proceeding over the late Lt. Col. Schafer, and therefore its decision was not entitled to full faith and credit under the Constitution. The full faith and credit clause of the Constitution does not entitle a judgment *in personam* to have extraterritorial effect if it was "rendered without jurisdiction over the person sought to be bound." *May v. Anderson,* 343 U.S. 528, 73 S.Ct. 840 (1953). The United States Magistrate Judge partially based his analysis on Texas Family Code §160.604. That statute specifies that "an individual may not be adjudicated to be a parent unless the court has personal jurisdiction over the individual." Tex. Fam. Code §160.604 (Vernon 2009). The Administrative Law Judge, in the

2

original decision on this case, points out that the Regional Counsel cited this statute as support for his argument. (Tr. 20).  However, it has been brought to this Court's attention that this statute was enacted in June of 2001, six months after the Texas court's ruling on parentage of January 3, 2001. (Tr. 104). Therefore, the record of this case led the United States Magistrate Judge astray by containing references to the later statute.   The statute in effect at the time of the hearing was Texas Family Code §159.201, which provides the bases for jurisdiction over a nonresident in a proceeding to establish parentage. Tex. Fam. Code  §159.201 (Vernon 2009)( *added* by Acts 1995, 74th Leg., ch.20 §1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg.,ch.561, §5, eff. Sept. 1, 1997.)

>The statute states:
>
> a) In a proceeding to establish or enforce a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
>
>>(1) the individual is personally served with citation in this state;
>>
>>(2) the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
>>
>>(3) the individual resided with the child in this state;

3

(4) the individual resided in this state and provided prenatal expenses or support for the child;

(5) the child resides in this state as a result of the acts or directives of the individual;

(6) the individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;

(7) the individual asserted parentage in the paternity registry maintained in this state by the bureau of vital statistics; or

(8) there is any other basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

The Social Security Appeals Council specifically found that the Texas court had no basis for personal jurisdiction under Texas Family Code §159.201. (Tr. 125). And the record provides no evidence to suggest that any of these criteria were satisfied. Thus, the Texas court did not have personal jurisdiction over Lt. Col. Schafer, and the United State Magistrate Judge's finding that a Virginia court would not be required to honor the judgment from the Texas court because of this lack of personal jurisdiction was correct. *Bloodworth v. Ellis*, 267 S.E.2d 96, 98 (Va. 1980).

Both the plaintiff and defendant included analysis of Texas Family Code §160.707 in their submissions to the United States Magistrate Judge, and that court concluded that under that statute, the Texas court's ruling on parentage was incorrect as a matter of law. The court then reasoned that a Virginia court would not acknowledge the erroneous ruling by the Texas court

4

because a Virginia court will only give "records of courts not of [the] Commonwealth the full faith and credit given them in courts of the jurisdiction from whence they came." *Bennett v. Commonwealth of Virginia*, 374 S.E.2d 303, 310 (Va. 1988). However, it appears that, like Texas Family Code §160.604, Texas Family Code §160.707 was also enacted in June of 2001, six months after the Texas court's ruling on parentage on January 3, 2001. (Tr. 104). The statute applicable at the time of the January 3, 2001 hearing was former Texas Family Code §151.101, which was deleted by Texas's adoption of the Uniform Parentage Act effective June 14, 2001.

> Sec. 151.101. Artificial Insemination. (a) If a husband consents to the artificial insemination of his wife, any resulting child is the child of both of them. The consent must be in writing and must be acknowledged.
>
> (b) If a woman is artificially inseminated, the resulting child is not the child of the donor unless he is the husband. Tex. Fam. Code §151.101 (Vernon 1995), *(deleted* by adoption of Uniform Parentage Act, Acts 2001, 77th Leg., ch. 821 §2.13, eff. June 14, 2001.)

The record provides no evidence and Plaintiff admits that Lt. Col. Schafer provided no written consent sufficient to satisfy the statute. (Tr. 43). Therefore, the Texas court's declaration of parentage as to Lt. Col. Schafer was not in accord with Texas law. Although the United States Magistrate Judge applied Texas Family Code §160.707 in its analysis, the Court reached the same conclusion this Court does today, that the Texas court's holding was contrary to Texas law, and the Virginia courts would therefore not be required to give full faith and credit to the order establishing the paternity of WMS. Thus, the United States Magistrate Judge's mistake was, at most, harmless error.

### III. Conclusion

After an independent and thorough review of the United States Magistrate Judge's memorandum, Plaintiff's objections thereto, and a *de novo* review of the record, the Court concludes that the recommendation to grant Defendant's Motion for Summary Judgment is correct. Accordingly, the findings and conclusions of the Magistrate are accepted and the Defendant's Motion for Summary Judgment is GRANTED.

Signed: April 13, 2010

Graham C. Mullen
United States District Judge